PEDROGO ET AL., DEMANDANTES Y APELADAS, v. SUCESIÓN HUERTAS, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre filiación (nuevo juicio).

No. 1542.—Resuelto en abril 13, 1917.

NUEVO JUICIO—JURAMENTO.—No existe precepto alguno en el Código de Enjuiciamiento Civil que requiera que la moción de nuevo juicio deba ser jurada. Lo exigido por el artículo 222, es, según el texto inglés, que cuando se funde en algunas de las causas mencionadas en los párrafos primero, segundo y tercero del artículo 221 ha de apoyarse en declaraciones juradas (*affidavits*).

ID.—MINUTAS DE LA CORTE—EXPOSICIÓN DEL CASO.—Cuando una moción de nuevo juicio se basa en las minutas de la corte según el artículo 223 del Código de Enjuiciamiento Civil, párrafo 4º., no es necesaria una exposición del caso. Así lo demuestra el artículo 224 del mismo Código. El apartado tercero del No. 3 del 223 sólo es aplicable cuando la moción se basa en una exposición del caso en la cual deberán especificarse los errores que se alegan.

ID.—FILIACIÓN—FALTA DE ALEGACIONES—ABUSO DE DISCRECIÓN.—Establecida una acción de filiación contra varias personas como componentes de una sucesión, según el título de la demanda, sin hacerse alegación alguna de por qué esas personas son los componentes de la sucesión; y excepcionada la demanda por no aducir hechos determinantes de una causa de acción, la corte desestima esta alegación, claramente incurre en error que produce como resultado que el demandante vaya a juicio creyendo que las alegaciones de su demanda son suficientes, y por tanto no es un abuso de discreción el concederle un nuevo juicio.

Los hechos están expresados en la opinión.

Abogado de la apelante; *Sr. Manuel A. Rivera.*

Abogados de la apelada: *Sres. Manuel y José Tous Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Declarada si lugar la demanda en este pleito por la sentencia en él dictada solicitaron las partes demandantes que se les concediera un nuevo juicio fundándose en accidente o sorpresa y en que el juez había cometido error de derecho al no permitirles la suspensión del juicio para poder presentar cierta prueba, cuya resolución había sido excepcionada, casos 2º. y 6º. del artículo 221 del Código de Enjuiciamiento Civil. La corte inferior concedió el nuevo juicio y de esta resolución apelan los demandados.

El primer motivo de error que los apelantes atribuyen a la corte inferior respecto de esa resolución es porque no desestimó la moción de nuevo juicio por no estar jurada y por no presentarse una exposición del caso para sostenerla.

En cuanto al primer extremo no encontramos precepto alguno en nuestro Código de Enjuiciamiento Civil que requiera que tal moción debe ser jurada sino que lo exigido por el artículo 222 es, según el texto inglés, que cuando se funde en alguna de las causas mencionadas en los párrafos primero, segundo y tercero del artículo 221 ha de apoyarse en declaraciones juradas (*affidavits*), requisito que cumplieron los demandantes presentando la declaración jurada de José Q. Torres Sallaberry. Ni era tampoco necesario que se presentase una exposición del caso, pues el artículo 223 concede a la parte que solicita el nuevo juicio que lo funde en declaraciones escritas y juradas, en los autos y legajos del pleito, en las minutas de la corte, en un pliego de excepciones o en una exposición del caso y habiendo anunciado los demandantes que el segundo motivo lo basarían en las minutas de la corte cumplieron con el requisito exigido por el artículo 223, párrafo 4º., porque fundándose el segundo motivo de la petición en error de derecho cometido en el juicio, la petición especificó dicho error. Que no es necesaria una exposición del caso cuando la moción se funda en las minutas de la corte lo demuestra el artículo 224 al disponer que la vista de la moción se celebrará cuanto antes fuera posible, si se fundare en las minutas de la corte, y en los demás casos después de la presentación de las declaraciones escritas y juradas, pliego de excepciones o exposición, según sea el caso, y que podrá hacerse referencia no sólo a las alegaciones y providencias de la corte constantes en los autos si que también a cualquiera declaración, pruebas documentales y notas del taquígrafo que consten en el testimonio de aquéllas. La cita que hacen los apelantes del apartado tercero del No. 3 del artículo 223 sólo es aplicable cuando la moción se basa en una exposición del caso en la cual deberán especificarse los errores que se alegan,

pero esto no significa que haya necesidad de hacer tal exposición cuando la moción se funda en las minutas de la corte.

El segundo error que se alega es por haberse negado la corte a aprobar la exposición del caso para esta apelación tal como se la presentaron los apelantes y haber ordenado la exclusión de ella de ciertos extremos. Sin embargo, nada tenemos que resolver sobre este particular porque esa orden de eliminación no ha sido apelada ni es materia de este recurso, el que versa únicamente sobre si fué errónea la resolución que concedió el nuevo juicio.

Los otros dos motivos de la apelación debemos considerarlos conjuntamente porque ambos plantean la cuestión que motiva este recurso, a saber, si la corte cometió error al declarar que los apelados tuvieron una sorpresa en el juicio, y por tanto al concederles un nuevo juicio ya que éste fué el fundamento que tuvo la corte para concederlo.

Los demandantes establecieron una acción de filiación contra varias personas como componentes de la Sucesión de Felipe Huertas, según aparece en el título de la demanda, pero no hicieron alegación alguna en ella de por qué esas personas eran los componentes de la sucesión; los demandados la excepcionaron porque no aducía hechos determinantes de causa de acción y la corte desestimó esa alegación. El día del juicio los demandantes terminaron su prueba sin aducir alguna sobre ese extremo y cuando la corte les advirtió respecto de esto trataron de probarlo con testigos a lo que se opusieron los demandados con la aprobación de la corte, solicitaron entonces que el juicio se suspendiera para poder aportar esa prueba, les fué negado y se dictó sentencia declarando sin lugar la demanda por la ausencia de ella. Después pidieron un nuevo juicio alegando accidente o sorpresa porque según la declaración jurada de su abogado creía de buena fe que la demanda relacionaba a los demandados con la causa de acción que se ejercitaba y que tal extremo había sido admitido por ellos. También alegaron error al no concedérseles la suspensión del juicio. Por su parte los demandados presenta-

ron declaración jurada de su abogado contradiciendo la anterior, insistiendo en que la falta de tal conexión fué el motivo en que fundaron su excepción.

Claramente hubo un error en la corte al desestimar la excepción de los demandados que produjo como resultado que las demandantes fueran al juicio creyendo que las alegaciones de su demanda eran suficientes y, por tanto, que probando lo alegado tendrían éxito. En tales circunstancias estuvo justificada la corte inferior al concederles el nuevo juicio que pidieron evitando de ese modo los efectos producidos por su equivocación y, por tanto, no podemos ver que abusara de la discreción que para tal resolución le concede la ley.

La resolución apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.